EDWARDS v. GREENWICH SAVINGS BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Term. June 5, 1908.)

COURTS—CITY COURT—JURISDICTION.

> Though the City Court may entertain an "equitable defense," yet where, in an action by the transferee of a savings bank account against the bank, the relief sought by the bank by motion to interplead is a judgment setting aside the transfer of the account on the ground of transferror's insanity, the City Court is without jurisdiction.

Appeal from City Court of New York, Special Term.

Action by Clara R. Edwards against the Greenwich Savings Bank of the City of New York. From an order granting defendant's motion to interplead Goodwin Brown, committee of Doretta Rabener, a lunatic, as a defendant, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

L. A. Gould, for appellant.
George G. De Witt, for respondent.

PER CURIAM. Appeal from an order of the Special Term of the City Court granting defendant's motion to interplead the committee of a lunatic as a defendant, directing plaintiff to surrender to the savings bank her pass book, and extinguishing defendant's liability by depositing in court the amount due on the pass book, less $10 costs of the motion.

The defendant (respondent) heretofore moved to interplead Ernest Rabener, who defaulted on the hearing. The motion was granted; but this court, at the April term, 1908, reversed the order. 109 N. Y. Supp. 721. Prior to the decision of that appeal the savings bank petitioned the City Court, and recited that on April 11, 1874, Doretta Rabener opened her account; that on April 16, 1900, after the payment of four drafts, there remained $193.43, and upon the receipt of the depositor the account was on that day transferred to the plaintiff and a pass book issued to her; that on August 15, 1894, Ernest Rabener notified the bank in writing that Doretta Rabener had been in an insane asylum on Blackwell's Island since 1874, and that when said account was transferred she was incapable of transacting business, and directed the nonpayment of said account, except upon the joint authority of himself and Clara Rabener. On January 9, 1899,

plaintiff demanded payment of the account, and then signed the following document:

"Depositor wished to withdraw $169.39. Payment refused by President Rhoades, who further directed that no payment be made, except to the committee, etc., of Doretta Rabener. He suggested the account stand until the death of Doretta Rabener, and that Clara R. Edwards then assign the account to the estate of Doretta Rabener. (See letter to Ernest A. Rabener this date.) This disposition of the above account is agreed to."

January 17, 1908, this action was brought. February 11, 1908, an order interpleading Ernest Rabener was granted, appealed from, and not decided. March 16, 1908, Mr. Goodwin Brown was appointed committee of Doretta Rabener, a lunatic, and on March 27, 1908, gave notice that his ward had been in a state institution for the insane since September 24, 1874, and was still so confined, and that the transfer of her account April 16, 1900, was a nullity. Plaintiff's affidavit in reply alleges that at the time of the transfer of the account Doretta Rabener was sane, that she (plaintiff) was ignorant of the purport of the paper set forth in the petition herein, that she had no notice or knowledge of the appointment of said committee, and that Doretta Rabener has no property. Counsel for the bank, in an affidavit by an associate, states that about March, 1908, he informed the attorney for the Manhattan State Hospital (where Doretta Rabener is confined) of the status of her account with defendant. Thereupon the hospital authorities instituted the proceedings for the appointment of the aforesaid committee. Plaintiff's attorney in an affidavit states that the bond given by the committee is less than the amount required by statute.

As the City Court would have no jurisdiction to set aside the transfer of the account, may it by interpleader acquire such jurisdiction? The answer must be in the negative. But, even if there were a doubt as to this, should the fund of but $375 be put to the expense of such a litigation? The newly appointed committee may bring an action in this court, if so advised, and apply for a stay of this action pending determination of all questions which may arise. No justification appears for requiring plaintiff to surrender to the defendant her pass book. We are of opinion, however, that the order was erroneously made on the ground that, while the City Court may entertain an "equitable defense," nevertheless the relief evidently sought by this interpleader is a judgment setting aside the transfer of the aforesaid account, and that the City Court is without jurisdiction to hear and determine that issue.

Order reversed, with $10 costs and disbursements.